HARRY A. FINKEL, RELATOR, v. WILLIAM T. KALTEN-
BACH, BUILDING INSPECTOR OF THE CITY OF
ELIZABETH, NEW JERSEY, DEFENDANT.

Submitted November 7, 1925—Decided February 17, 1926.

### Zoning—Stores in Residence Section—Case Within Rule in Ignaciunas v. Risley.

On application for *mandamus*.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the relator, *Michael H. Feldman.*

For the defendant, *Joseph T. Hague* and *Spaulding Frazer.*

PER CURIAM.

This is a rule requiring the building inspector of the city of Elizabeth to show cause why a *mandamus* should not issue commanding him to issue a permit to the relator for the erection of a two-and-a-half-story brick building for stores and dwelling at 1127, 1129 Bayway, Elizabeth, New Jersey.

The permit was refused by the building inspector on the ground that a zoning ordinance prohibits the construction of business buildings on the premises in question.

As we read the stipulation the relator complied with all requirements, including the building code, and the sole reason for the refusal was because of the zoning ordinance under which the premises of the relator are placed in a residence zone in which stores are not permitted.

We think this case falls squarely within *Ignaciunas* v. *Risley,* 98 *N. J. L.* 712; *affirmed,* 99 *Id.* 389, and a long line of cases which follow it.

In the circumstances of this case the board of adjustment is not a necessary party, and *mandamus* (not *cetriorari*) is the proper remedy.   *Lutz* v. *Kaltenbach*, 4 *N. J. Adv. R.* 341.

A peremptory writ of *mandamus* will be awarded.

Submitted November 7, 1925—Decided February 17, 1926.

For the relator, *Michael H. Feldman.*

For the defendant, *Joseph T. Hague* and *Spaulding Frazer.*